In the Matter of the Claim of DANIEL A. CEA, Appellant. LAKELAND CENTRAL SCHOOL DISTRICT, Respondent; COMMISSIONER OF LABOR, Respondent. [18 NYS3d 890]—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 17, 2014, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Decision affirmed. No opinion.

Lahtinen, J.P., Egan Jr., Rose and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.

 In the Matter of the Claim of AMY J. STERN, Appellant. COMMISSIONER OF LABOR, Respondent. [18 NYS3d 890]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 18, 2014, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant, a part-time human resources specialist, was discharged from her employment due to disqualifying misconduct. The employer testified that, despite prior warnings about, among other things, accurately reflecting her work hours, claimant falsified her time sheet. Claimant was aware of the employer's policy against falsifying time sheets and that the employer considered such conduct fraudulent. "An employee's falsification of documents and/or failure to abide by an employer's known policy may constitute disqualifying misconduct" (*Matter of Novak [Commissioner of Labor]*, 52 AD3d 1144, 1145 [2008] [citations omitted]; *see Matter of Fulcher [Commissioner of Labor]*, 32 AD3d 1064, 1064 [2006]). Claimant's proffered excuse for any discrepancies in her time sheet presented a credibility issue for the Board to resolve (*see Matter of Marione [Commissioner of Labor]*, 25 AD3d 1055, 1055 [2006]).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.